UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ___________________

FILED by [signature] D.C.
FEB 25 2010
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

BRIAN WILSON and HEINS MARTINEZ,

Plaintiffs,

v.

150 SOUTH BEACH, LLC d/b/a DEVITO SOUTH BEACH,

Defendant.

**DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL**

Defendant, 150 South Beach, LLC d/b/a DeVito South Beach ("Defendant"), by and through its undersigned counsel, and in accordance with the applicable Federal Rules of Civil Procedure and 28 U.S.C. §§ 1331, 1441, and 1446, hereby files its Notice of and Petition for Removal. Defendant requests that this Court remove this action filed by Brian Wilson and Heins Martinez (collectively referred to hereinafter as "Plaintiffs"), from the 11th Judicial Circuit Court in and for Miami-Dade, Florida, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

1. On or about February 10, 2010, a civil action was filed in the Circuit Court in and for Miami-Dade County, Florida, under the name and style Brian Wilson and Heins Martinez v. 150 South Beach, LLC d/b/a DeVito South Beach (hereinafter the "Circuit Court case"). The Circuit Court case was assigned case number 10-9178 CA 13. The Complaint in the Circuit Court case seeks relief for: (1) failure to pay minimum wage in violation of the Fair

Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); and (2) unpaid overtime wages in violation of the FLSA.

2. This action is within the original federal question jurisdiction of the United States District Court, pursuant to 28 U.S.C. §§ 1331 and 1441(b), as Plaintiffs have asserted claims under the FLSA. Removal of the entire case is appropriate pursuant to 28 U.S.C. § 1441(c).

3. The United States District Court for the Southern District of Florida, includes the judicial county in which Plaintiffs filed their Complaint. Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1441.

4. This Notice of and Petition for Removal is being filed within thirty days after service of the Complaint in the Circuit Court case which occurred on February 11, 2010. Thus, this Notice of and Petition for Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. Copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file with the Circuit Court are attached to this Notice of and Petition for Removal as Exhibit "A" as required by 28 U.S.C. § 1446(a).

6. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to all parties in this action and has filed a copy of this Notice of and Petition for Removal in the Circuit Court, in and for Miami-Dade County, Florida.

WHEREFORE, Defendant, 150 South Beach, LLC d/b/a DeVito South Beach, respectfully requests that the United States District Court for the Southern District of Florida accept the removal of this action from the Circuit Court and direct that the Circuit Court in and for Miami-Dade County, Florida, has no further jurisdiction of this matter unless and until this case is remanded.

Miami, Florida
February 25, 2010

Respectfully submitted,

By: [signature]

Christine L. Wilson, Esq.
Florida Bar No. 143588
Email: *wilsonc@jacksonlewis.com*
Jason D. Berkowitz, Esq.
Florida Bar No. 0055414
E-mail: *berkowitzj@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
Counsel for Defendant
150 South Beach, LLC d/b/a DeVito South Beach

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via U.S. mail on February 25, 2010 on all counsel or parties of record identified in the attached service list.

[signature]

Jason D. Berkowitz, Esq.

**SERVICE LIST**

**Brian Wilson and Heins Martinez v. 150 South Beach, LLC d/b/a DeVito South Beach**
**United States District Court, Southern District of Florida**

Lawrence J. McGuinness, Esq.
E-mail: *ljmpalaw@netzero.com*
LAWRENCE J. McGUINNESS, P.A.
1627 S.W. 37th Avenue
Suite 100
Miami, Florida 33145
Telephone: 305-448-9557
Facsimile: 305-448-9559
Counsel for Plaintiffs

# EXHIBIT "A"

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL COVER SHEET | CASE NUMBER |
|---|---|---|
| ☑ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | | 10-09178 CA 13 |

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
|---|---|---|
| Brian Wilson et al. | 150 South Beach LLC. | FILED FEB 10 2010 HARVEY RUVIN CLERK |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- ☐ 001 - Eminent Domain
- ☐ 003 - Contracts and Indebtedness
- ☐ 010 - Auto Negligence
- ☐ 022 - Products Liability
- ☐ 023 - Condominium
- ☐ **Negligence - Other**
  - ☐ 097 - Business Governance
  - ☐ 098 - Business Torts
  - ☐ 099 - Environmental/Toxin Tort
  - ☐ 100 - Third Party Indemnification
  - ☐ 101 - Construction Defect
  - ☐ 102 - Mass Tort
  - ☐ 103 - Negligent Security
  - ☐ 104 - Nursing Home Negligence
  - ☐ 105 - Premises Liability - Commercial
  - ☐ 106 - Premises Liability - Residential
  - ☐ 107 - Negligence - Other
- ☐ **Real Property/Mortgage Foreclosure**
  - ☐ 108 - Commercial Foreclosure $0 - $50,000
  - ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  - ☐ 110 - Commercial Foreclosure $250,000 - or more
  - ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  - ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  - ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  - ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  - ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  - ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  - ☐ 117 - Other Real Property Actions $0 - $50,000
  - ☐ 118 - Other Real Property Actions $50,001 - $249,999
  - ☐ 119 - Other Real Property Actions $250,000 or more
- ☐ **Professional Malpractice**
  - ☐ 094 - Malpractice - Business
  - ☐ 095 - Malpractice - Medical
  - ☐ 096 - Malpractice - Other professional
- ☐ **Other**
  - ☐ 120 - Antitrust/Trade Regulation
  - ☐ 121 - Business Transactions
  - ☐ 122 - Constitutional Challenge - Statute or Ordinance
  - ☐ 123 - Constitutional Challenge - Proposed amendment
  - ☐ 124 - Corporate Trust
  - ☑ 125 - Discrimination - Employment or Other
  - ☐ 126 - Insurance Claims
  - ☐ 127 - Intellectual Property
  - ☐ 128 - Libel/Slander
  - ☐ 129 - Shareholder Derivative Action
  - ☐ 130 - Securities Litigation
  - ☐ 131 - Trade Secrets
  - ☐ 132 - Trust Litigation
- ☐ **133 - Other Civil Complaint**
  - ☐ 009 - Bond Estreature
  - ☐ 014 - Replevin
  - ☐ 024 - Witness Protection
  - ☐ 080 - Declaratory Judgment
  - ☐ 081 - Injunctive Relief
  - ☐ 082 - Equitable Relief
  - ☐ 083 - Construction Lien
  - ☐ 084 - Petition for Adversary Preliminary Hearing
  - ☐ 085 - Civil Forfeiture
  - ☐ 086 - Voluntary Binding Arbitration
  - ☐ 087 - Personal Injury Protection (PIP)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☑

REMEDIES SOUGHT (check all that apply):

☑ monetary;
☑ non-monetary declaratory or injunctive relief;
☐ punitive

NUMBER OF CAUSES OF ACTION: [ 2 ]
(specify) Min. wages + overtime

IS THIS CASE A CLASS ACTION LAWSUIT?

☐ Yes
☑ No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☑ No
☐ Yes If "Yes", list all related cases by name, case number, and court.

IS JURY TRIAL DEMANDED IN COMPLAINT?

☑ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature [signature] Attorney or party — Florida Bar # 814611 (Bar # if attorney)

(type or print name) Lawrence J. McGuinness, P. A.
1627 SW 37th Ave., Suite 100
Miami, FL 33145

Date 2/9/10

 

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN & FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

BRIAN WILSON and HEINS MARTINEZ,

Plaintiffs,

vs.

150 SOUTH BEACH, LLC d/b/a DEVITO SOUTH BEACH

Defendant.

CASE NO. 10- 9178 CA 13

8965
2-1/10

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant **BY SERVING, PURSUANT TO F.S. §48.091:**

Registered Agent: Michelle Kneer
290 E. Atlantic Ave.
Delray Beach, Fl 33444

If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

**OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

1. The president or vice president, or other head of the corporation; and/or in his or her absence;

2. The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

3. Any director; and in the absence of all of the above; or

4. Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiff
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559

Attention: LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON FEB 10 2010, 2010.

Harvey Ruvin,
Clerk of the Court

By: GALEERA SUTTON
as Deputy Clerk

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN & FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

BRIAN WILSON and HEINS MARTINEZ,

Plaintiffs,

vs.

150 SOUTH BEACH, LLC d/b/a DEVITO SOUTH BEACH

Defendant.

CASE NO. [illegible] CA 13

FLSA COMPLAINT

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA"), on behalf of themselves and other similarly situated current and former tipped employees ("Servers") of Defendant (hereinafter referred to as the "Employer") for minimum wage and overtime violations of the FLSA.

## A. INTRODUCTION TO "TIP CREDIT" VIOLATIONS

2. From 2007 through 2008, Plaintiffs worked for the Employer in Miami-Dade County, Florida in its restaurant in the position of Server. Plaintiffs and the Servers are covered employees for purposes of the FLSA.

3. For Count I, Plaintiffs and the Servers have the following characteristics with respect to the minimum wage allegations:

a. The Employer paid the Servers a reduced gross hourly wage pursuant to §3(m) of the Act;

b. Servers are required to share a percentage of their tips with non-tipped employees and/or employees who are not then working as tipped employees and the Employer required that Servers pay out excessive amounts of their tips;

c. The Employer required that the Servers perform non-tipped work, including training and classes, at a reduced hourly wage;

d. The Employer required that Plaintiffs and the Servers purchase and maintain work uniforms which reduce their hourly wage below the reduced minimum wage;

e. The Employer deducted walk-outs, breakage, food/drink errors from Plaintiffs which reduce their hourly wage below the reduced minimum wage;

f. The Employer took illegal tip deductions from Plaintiffs and the Servers in violation of the Act;

g. The Employer failed to pay Plaintiffs and the Servers for all of their actual work time in violation of the Act; and

h. The Employer failed to account for all of Plaintiffs' and the Servers' work hours and/or reduced their recorded work hours to avoid having to pay them their hourly pay.

## B. THE EMPLOYER

4. The Employer is subject to the FLSA and is a limited liability corporation doing business in Miami-Dade County, Florida and within the jurisdiction of this Court. The Employer is, and at all times pertinent to this Complaint, was engaged in interstate commerce.

5. The Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

## D. VENUE & JURISDICTION

6. This action is brought by Plaintiffs and the Servers to recover from the Employer compensation for the Employer's minimum wage and overtime violations, as well as an additional amount as

liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b). Plaintiffs, on behalf of those Servers currently working for the Employer, request injunctive relief as provided by the FLSA against the Employer.

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

8. By reason of their employment with the Employer, Plaintiffs and the Servers were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiffs and the Servers was directly essential to the those interstate activities described herein which was directly essential to the business performed by the Employer. Plaintiffs and the Servers, by virtue of their job duties and functions as described above, were engaged in commerce.

9. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

COUNT I
RECOVERY OF MINIMUM WAGE VIOLATIONS
AGAINST THE EMPLOYER FOR ITS SERVERS

10. Plaintiffs readopt and reallege all allegations contained in ¶¶1-9 above.

11. At all times material hereto, the Employer failed to comply with §3(m) of the FLSA, Title 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiffs and the Servers actually received less than the applicable minimum wage per hour for the reasons alleged at ¶¶ 3 and 4 above which resulted in a minimum wage violation and/or Plaintiffs and the Servers illegally shared their tips with non-tipped employees and/or employees who were then performing non-tipped work.

12. As a result of the Employer's acts as described at ¶11 above, Plaintiffs' and the Servers' hourly wages were reduced below the applicable minimum wage in violation of the FLSA and/or the Employer violated the FLSA's minimum wage provisions.

13. Plaintiffs and the Servers are entitled to be paid at least the applicable reduced minimum wage while they are doing tipped work and no less than the minimum wage while they are doing non-tipped work and/or in training. Furthermore, non-tipped employees are not entitled to share in any part of Plaintiffs' tips and the Servers' tips.

14. As a result of the Employer's acts as described above, Plaintiffs' and the Servers' hourly wages were below the applicable minimum wage and/or reduced minimum wage in violation of the FLSA.

and/or the Employer's actions resulted in minimum wage violations.

15. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of hourly wages to Plaintiffs and Servers in accordance with the FLSA.

16. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiffs and the Servers have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA, repayment of all improperly shared tips, and reimbursement for all improper deductions. As a result of the Employer's willful disregard of the FLSA, Plaintiffs and the Servers are entitled to liquidated damages.

WHEREFORE, Plaintiffs and the Servers who have or will opt-in to this action demand judgment against the Employer for payment of all of their hours worked at the applicable minimum wage, reimbursement for all of their work related costs and expenses, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

COUNT II
RECOVERY OF OVERTIME VIOLATIONS
AGAINST THE EMPLOYER FOR ITS SERVERS

17. Plaintiffs readopt and reallege all allegations contained in ¶¶1-9 above.

18. The Employer failed to pay for all and/or any of Plaintiffs' overtime hours in violation of the FLSA.

19. The Employer failed to account for all of Plaintiffs' and the Servers' work hours and/or reduced their recorded work hours to avoid having to pay overtime pay.

20. The Employer knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages to Plaintiffs and the Servers in accordance with the FLSA.

21. By reason of the said intentional, willful and unlawful acts of the Employer, Plaintiffs and the Servers have suffered damages (as described above) plus incurring costs and reasonable attorneys' fees and are entitled to damages as provided by §216 of the FLSA. As a result of the Employer's willful disregard of the Act, Plaintiffs and the Servers are entitled to liquidated damages.

WHEREFORE, Plaintiffs and the Servers who have or will opt-in to this action demand judgment against the Employer for payment of all of their overtime hours worked at the applicable overtime rate, liquidated damages, reasonable attorney's fees and costs of suit, injunctive and declaratory relief, and for all other relief allowed by §216(b) of the FLSA.

## JURY DEMAND

Plaintiffs demand trial by jury for Counts I & II.

Respectfully submitted,

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiffs
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljmpalaw@netzero.com

s/ Lawrence J. McGuinness (814611)
E. ljmpalaw@netzero.com

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 10-9178 CA 13

BRIAN WILSON and HEINS MARTINEZ,

Plaintiffs,

v.

150 SOUTH BEACH, LLC d/b/a DEVITO SOUTH BEACH,

Defendant.

**DEFENDANT'S NOTICE OF FILING NOTICE OF AND PETITION FOR REMOVAL**

Defendant, 150 South Beach, LLC d/b/a DeVito South Beach ("Defendant"), pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction – Plaintiffs are alleging unpaid wages and unpaid overtime under the Fair Labor Standard Act, 29 U.S.C. § 201 et seq.), 1441, and the Federal and Florida Rules of Civil Procedure, hereby gives notice that the attached copy of the Notice of and Petition for Removal has been filed with the Clerk of Court for the United States District Court for the Southern District of Florida, Miami Division.

[THIS PAGE LEFT INTENTIONALLY SHORT]

Miami, Florida
February 25, 2010

Respectfully submitted,

By: ______________________

Christine L. Wilson, Esq.
Florida Bar No. 143588
Email: *wilsonc@jacksonlewis.com*
Jason D. Berkowitz, Esq.
Florida Bar No. 0055414
E-mail: *berkowitzj@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
Counsel for Defendant
150 South Beach, LLC d/b/a DeVito South Beach

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via U.S. mail to Lawrence J. McGuinness, Esq., LAWRENCE J. McGUINNESS, P.A., Counsel for Plaintiffs, 1627 S.W. 37th Avenue, Suite 100, Miami, Florida 33145 on February 25, 2010.

______________________
Jason D. Berkowitz, Esq.